IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>         Plaintiff,<br><br>    v.<br><br>TROTH, et al.,<br><br>         Defendants. | No.  2:22-CV-1817-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a civil detainee proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss, which argues for dismissal based on Plaintiff concealing funds on his application to proceed in forma pauperis.  ECF No. 26.  Defendants have filed a request for judicial notice in support of their motion.  ECF No. 27.  Plaintiff did not file an opposition.

Because Plaintiff provided false information on his application despite having extensive litigation experience and because Plaintiff failed to account for his finances when given the opportunity to do so, the Court recommends Defendants' motion be granted.

/ / /

/ / /

/ / /

/ / /

1

## I. BACKGROUND

### A. **Procedural History**

Plaintiff filed his motion for leave to proceed in forma pauperis (IFP) on September 23, 2022. ECF No. 2. On the application, under penalty of perjury, Plaintiff marked that he had not received any money over the preceding twelve months from any source at all. Id. at 1. Plaintiff also marked that he did not have any cash, including in bank accounts. Id. Plaintiff signed the application on September 16, 2022. Id. Plaintiff hand-wrote on his application that he was a civil detainee, not a prisoner. Id.

The Court granted Plaintiff's request to proceed IFP based on his affidavit that he had no money and no income. ECF No. 9. The Court then screened Plaintiff's complaint and found service appropriate for the defendants. ECF No. 10.

### B. *Hill v. Allison*, **No. 2:22-cv-0718-KJM-EFB**

Relevant to the present action is Hill v. Allison, No. 2:22-cv-0718-KJM-EFB (PC), a separate action Plaintiff filed shortly after the filing of this action. In Hill v. Allison, Plaintiff, like he did here, declared on his IFP application that he had no assets. Hill v. Allison, 2023 WL 2602085, at *1 (E.D. Cal. Mar. 22, 2023). The court took judicial notice of Plaintiff's trust account statement, which had been filed in a separate case. Id. The account showed a balance of $5,154.17, and there were several instances showing Plaintiff receiving income through deposits in his account. Id. The court ordered Plaintiff to file a sworn statement explaining (1) the source of the funds for the initial balance in his account, (2) what "JPAY" is and whether he receives regular income from it, and (3) the sources of the deposits in his accounts. Id. Plaintiff did not comply with the court order, and so the court dismissed the case. Id. The court noted "[Plaintiff] also does not provide an explanation of the inconsistency between his IFP application form where he states he has no assets and his trust account statement." Id.

/ / /

/ / /

/ / /

/ / /

### C. Plaintiff's Litigation Experience

A PACER search on July 14, 2023, showed that Plaintiff had filed 125 lawsuits in federal court since 2017.[1] ECF No. 27 at 51-71. Another PACER search on July 14, 2023, showed that Plaintiff had 15 open federal lawsuits in the Eastern District of California. Id. at 74.

## II. DISCUSSION

A plaintiff may proceed without payment of fees if they submit an affidavit attesting that they cannot pay the fees and they include a statement of their assets. 28 U.S.C. § 1915(a)(1). However, abuse of an application to proceed without payment merits dismissal of the action. See 28 U.S.C. § 1915(e)(2)(A). "[T]he court *shall* dismiss the case at any time if the court determines that the allegation of poverty is untrue." Id. (emphasis added). "The purpose of [the] provision is to 'weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth.'" Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (quoting Matthews v. Gaither, 902, F.2d 877, 881 (11th Cir. 1990)).

Dismissal is only appropriate where there is a showing of bad faith; a mere inaccuracy on the application is insufficient to merit dismissal. Escobedo v. Applebees, 787 F.3d 1226, 1234 n.8. (9th Cir. 2015) (finding that dismissal was not justified when the IFP applicant claimed she paid rent when she actually paid a mortgage in an amount that was not "significantly different"). Where there is no showing of bad faith, the court must determine whether considering the facts as a whole, the inaccuracy forecloses IFP eligibility. Camp v. Oliver, 798 F.2d 434, 438 (11th Cir. 1986). Where, however, there is a showing of bad faith, the case may be dismissed with prejudice even if the inaccuracy does not represent a significant amount. Id. at 437-38. For example, the court in Oliver discussed an instance where bad faith justified the dismissal of an action where the petitioner was a chronic litigant who claimed he had no funds but actually had thirty cents in his account. Id.

---

[1] The Court takes judicial notice of the PACER searches in Defendant's motion. See Jespersen v. Harrah's Operating Co., Inc., 444 F.3d 1104, 1110 (9th Cir. 2006) (en banc).

Plaintiff represented to this Court, under penalty of perjury, that he had no savings and received no income in the past twelve months. ECF No. 2. Plaintiff's claim was demonstrably false— a Prisoner Trust Fund Account Statement showed that at the time of signing the IFP application, Plaintiff had $5,221.90.[2] The statement also showed a variety of deposits.

To determine whether Plaintiff was acting in bad faith, the Court considers the amount of money Plaintiff concealed and the amount of his income, Plaintiff's experience as a litigant, and that Plaintiff was put on notice that he had to account for his savings and income but chose not to do so.

Plaintiff claimed he had no money, but he indeed had $5,221.90. See id. Certainly, over five-thousand dollars in savings is no nominal amount – especially when claiming that one is so destitute that they cannot afford to bring suit and so the public and courts should bear the cost. Plaintiff received several deposits to his account, including deposits for $1,200, $600, and $200. Id. Plaintiff regularly withdrew funds from his account, and he did so three days after he signed the IFP application— he clearly was aware of the funds. Id.

With over 100 federal lawsuits filed, Plaintiff is an experienced litigator. See ECF No. 27 at 51-71. Plaintiff consistently files IFP applications in his lawsuits. See e.g., Hill v. Martini, et al., 2:22cv01603 (E.D. Cal.); Hill v. McGeffen, et al., 2:22cv01524 (E.D. Cal.); Hill v. Rios, et al., 2:18cv03089 (E.D. Cal.). Plaintiff is experienced with the IFP system, and has reaped the benefit of it, and so understands that concealing funds (if not caught) could be beneficial to him.

The district court in another of Plaintiff's cases ordered Plaintiff to explain the funds in his trust account statement. Hill v. Allison, 2023 WL 2602085, at *1 (E.D. Cal. Mar. 22, 2023). When Plaintiff ignored the court's order, that case was dismissed. Id. Relevant to this case, Plaintiff was put on notice that he had an obligation to explain his funds in light of his IFP application. See id. Although given an opportunity and indeed ordered to justify his application, Plaintiff did not do so. See id.

---

[2] This Court takes judicial notice of Plaintiff's Prisoner Trust Fund Account Statement filed in Hill v. Lynch, et al., Eastern District of California, Case No. 2:22-cv-01685-TLN-KJN (E.D. Cal.).

4

Here, Plaintiff had the additional opportunity to explain his funds through filing an opposition to the motion to dismiss; again, he did not do so.

Even if Plaintiff was under the false but genuine belief that he did not have to pay for his filing fees, there is no explanation for his concealment of funds. Deceiving the court then opting not to explain oneself is not something the Court must tolerate.

This Court finds that Plaintiff was acting in bad faith when he concealed funds on his IFP application. Plaintiff concealed a significant amount of funds despite being familiar with the IFP system and then chose not to explain why he did so when given the opportunity.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Defendants' request for judicial notice, ECF No. 27, be GRANTED.
2. Defendants' unopposed motion to dismiss, ECF No. 26, be GRANTED.
3. This action be DISMISSED pursuant 28 U.S.C. § 1915(e)(2)(A).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 18, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE